The Honorable, the Judges of the United States Court of Appeals for the Fourth Circuit. Oyez, oyez, oyez. All persons having any manner or form of business before the Honorable of the United States Court of Appeals for the Fourth Circuit are admonished to draw nigh and give their attention, for the Court is now sitting. God save the United States and this Honorable Court. Thank you and welcome. So, we are delighted to have you here with us in person today and we will hear argument first in number 24303, United States v. Skaggs. And Ms. Cormier. Mr. Cormier, I'm sorry, we'll hear from you first. Thank you. May it please the Court, my name is Dana R. Cormier and I thank you for the opportunity to present oral argument on behalf of the appellant Travis Ryan Skaggs. In 2015, the Wise County Circuit Court convicted Mr. Skaggs on six separate charges. There were three property crimes, two conspiracy crimes and one drug distribution or possession with intent to distribute narcotics. On each conviction, the Wise County Circuit Court sentenced Mr. Skaggs to ten years of incarceration with each conviction two years and two months or 26 months. And then the Court ran all six sentences concurrently. So, for those six convictions and those six sentences and not accounting for any good time credit that Mr. Skaggs may have received, and I'll talk more about that in a moment, Mr. Skaggs served a two-year and two-month sentence for all six convictions. Now, the issue in this case is whether Mr. Skaggs, based on those six convictions and the one conviction for the distribution charge, whether he served a term of imprisonment of more than 12 months based upon those six concurrent sentences for six different crimes, only one of which would be a qualifying predicate for the statutory enhancement. It's important to note that what this case, the issue in this case is not about the definition of a concurrent sentence. We all know what concurrent sentences are. And Congress knew what a concurrent sentence was when it drafted the definition of a serious drug felony under 21 U.S.C. Section 802. Also, the issue in this case is not what about what a sentence imposed is. Of course, we all know that the term a sentence imposed is the sentence ultimately imposed by a court. We also know that as a practical matter of fact, that a term of imprisonment is virtually never the same as a sentence imposed. In the Virginia statutory scheme for good time credit, there are varying levels of applications of good time credit. 65% or 85% or up to a maximum of the sentence imposed, depending on the underlying crime and the nature of the defendant's behavior while incarcerated. So we know the statutory scheme in Virginia. What did Mr. Skaggs serve? We don't know. We only know what his sentence was, based on the record today. While we're on that subject, Your Honor. Counsel, I'm just sort of follow up on that. Did you argue, was it ever sort of suggested to the district court that Mr. Skaggs spent less than 12 months in jail? I was not trial counsel, but I believe trial counsel argued, not that he didn't spend less than 12 months in jail. The argument was that he spent less than 12 months on this particular crime. Right, but nobody, there was no more than 12 months. I understand there was a dispute as to sort of, to what we should attribute that 12 months, but he served more than 12 months. I don't recall in the record there ever being any discussion or conflicts otherwise, Your Honor. While we're on that subject where we don't actually know the length of the sentence that he served after accounting for good time, we do know what the sentence was 26 months. We also don't know how that was. In Virginia, the sentencing guidelines are calculated with a primary offense in setting the base level with additional points for other offenses of conviction. In my experience, if a breaking and entering charge is the primary offense level, that base level of the sentencing guidelines is going to be much higher than if a possession with intent to distribute is the base offense level. We don't know how that sentence was at least determined vis-a-vis each of the separate charges. And again, we also know that the Bureau, in the federal system, the Bureau of Prisons calculates good time credit based upon, as the Barber case tells us, what the defendant actually served, not the sentence imposed. The 802 was amended certainly to narrow the scope of predicate offenses that would qualify for the statutory enhancement here. It was intended to focus on those serious drug felonies that in the seriousness being measured by the length of the term of incarceration that the defendant serves. And we cannot categorically say in this case that Mr. Skaggs served a term of incarceration of more than 12 months based upon the six concurrent sentences he received in Wise County. Counsel, I'm sorry. I know you said at the beginning that we all agree on what the definition of a concurrent sentence is, but I guess I'm wondering if that's true because I thought it was established that when someone is sentenced on multiple counts and the sentences are served concurrently, what that means is that the defendant is serving distinct and separate sentences on each count, even though they are served concurrently. But do you disagree with that? They are serving separate and distinct sentences on each count. But again, the issue is, what was the term of imprisonment that Mr. Skaggs served for the qualifying predicate distribution charge? And what the Eighth Circuit tells us, and perhaps dicta in the Cavalucci case, I think I'm saying that right, is that when a defendant serves several concurrent sentences simultaneously, he is serving only a portion of each of the sentences. And that's a language directly from that case. If that's the case, if we're allocating for the six different convictions here, it's 26 months divided by six, comes up to roughly 132 days. But even if we adopt the fiction that he's serving a portion of each, how do you know you just did the division thing, how do we know the fiction isn't that in a typical, say your guy was convicted for six offenses, why isn't the fiction that each day he's serving four hours on each of the six? Why do you assume that each day he is only serving what's the authority for that proposition? The authority that I have is from the Eighth Circuit's dicta saying that it's a portion that way. Well, they just say it's a portion. They say he's serving a portion of the sentence, but they don't say, you want to then further extrapolate from that to say that he's going 131 days on one, 131 days on one, but they say a portion. It could be equally plausibly, I suppose, that each day he serves four hours on each of the six. It could be equally plausible as well, but at that point- Or equally plausible that he's simultaneously, right, that each hour counts for every single sentence, right? He's serving a portion. Every day you're in prison, you serve a portion of your sentence, right? You serve one day of the sentence, and it could be one day on count one, one day on count two, one day on count three. All of those counts, you're serving one day because you're serving concurrent sentences. That's how the Eighth Circuit was talking about a portion. Certainly, but the issue is not the definition of concurrent sentences. What we can't say here is whether Mr. Skagg, how much did he serve for that one qualifying predicate? No, but under the definition I read you, I think the answer to that is 26 months or some number over 12 months because you've conceded, I think, that nobody is disputing that good time credits or not, that he served less than 12 months. But why didn't Congress specifically adopt or say anything about concurrent sentences? Concurrent sentences and consecutive sentences are terms of art that we're arguing about today that are very important in the sentencing scheme. A sentence imposed is a term of art that's very important to a defendant and a very important part of the criminal sentencing scheme. Can I give you a hypothetical? My understanding is that sometimes judges order terms of imprisonment that are of different durations to run concurrently, right? That's possible. Say on count one, I'm sentenced to six months. On count two, I'm sentenced to six months. On counts three, four, and five, I'm sentenced to six months. But then on count six, I'm sentenced to four years. A judge could order those six sentences to run concurrently, right? Yes. So how long do I serve on count six in that hypothetical? Is your view still that that first six months doesn't count at all? How do I calculate how long that individual served a term of imprisonment on count six in your view? What he served on that would be six months. On count six, the count to which he was sentenced for four years? I'm sorry. I mixed up your answer. So counts one through five, he's sentenced to six months. Count six, he's sentenced to four years. And then the judge orders all six counts to run concurrently. In your view, how long is the term of imprisonment on count six? On count six would be, is that the, that's the four years? Yes. Four years. How do you square, how do you square that with your position that while the person If I'm understanding your hypothetical, the hypothetical is that he got a sentence of four years on the sixth count? Just on count six. But counts one through five were six months each, and the judge ordered all six counts to run concurrently. So you think four years on count six? Is that what he got sentenced? On count six, yes. He would have to serve four years, wouldn't he? Yes. But for purposes of this statute, I'm just trying to understand how the interpretation you're putting forward would apply in situations where the concurrently served sentences were of different durations. I mean, you would serve, you would serve that portion of the sentence that you were sentenced to, it would just run concurrently. Can I ask, let me, what do you think in Judge Hyten's hypothetical, what's the sentence on count one? So he's going to be in jail for four years. How much time did he serve on count one? I mean, I guess you would say it's a sixth of four years, right? So he would, it would actually go up. So on your reading of the sentence, this statute, someone who was actually sentenced to, say, 11 months on a qualifying drug count, but then served concurrently with a 10 year sentence on another count, that person would now qualify for the enhanced sentence. No, I wouldn't say that. Well, why not? It seems like it follows directly from your reasoning. You would divide by 10 and he'd be serving five years on each count. How could he serve more than what he was sentenced to on one of the counts? I mean, you tell me. So you're, tell me how, why your rule doesn't apply in this case. The problem is that we don't know what, I mean, Congress didn't talk about consecutive sentences. We have to guess what they're talking about. We have to make these suppositions. We have to assume these things that we don't know. But Congress didn't use sentence imposed. Congress didn't say anything about consecutive or concurrent sentences. I'm running out of time, but I, because I would like to preserve some for rebuttal. All I can say is that because of the ambiguity, there's a lot of ambiguity I could talk about on rebuttal by, by use of this specific term, revocations, all kinds of ambiguities that you can identify here. But because of the ambiguity of this term, I think the rule of leniency would compel the court to rule in Mr. Skagg's favor because right now we're all just supposing and guessing of what the term of imprisonment that Mr. Skagg served under this concurrent scheme. And I'll reserve what little time I have left for rebuttal. Thank you very much. May it please the court. I'm Jennifer Bockhorst for the United States. Um, if I can start with two points, first Congress is presumed to know the law when it passes statutes and the law on what is a concurrent sentence and what it means is long and well-established. It actually goes to the foundations of what is a crime with its parts of an act, mens rea, and a punishment. Um, and so when Congress passes the First Step Act and is silent as to concurrent sentences, it doesn't create an ambiguity. It's because the law is already clear and it is presumed that we will all already know that each sentence imposed concurrently to another is its own separate and distinct sentence and it is fully served. And my second point related to that is, um, with all due respect to my co-counsel, I think he's misquoting the Eighth Circuit's Corona-Verdusco case and the part he leaves out is very, very important. They say concurrent, and they're quoting a 1973 Eighth Circuit case, concurrent sentences are separate and distinct sentences, that the sentences run concurrently means the privilege of serving each day a portion of each sentence. So what they are actually affirming is, as Your Honor pointed out, you're serving simultaneously a day on Count 1, Count 2, Count 3, Count 4 until you reach the maximum length of that sentence imposed. That's what concurrent sentences means. Congress knew that's what concurrent sentences means and that is, in fact, all this Court needs to find, I think, to resolve this entire appeal. Can I ask you a question? So I have the same instinct that I felt like I know what concurrent sentence means, but then when I go looking for binding legal authority that confirms my understanding of what concurrent sentencing means, it turns out to be surprisingly hard. What would you say is the best authority for the proposition that concurrent sentences mean what you say concurrent sentences mean? I would point the Court to the United States v. Ball, which is the case, actually, from my Court, where multiple sentences were imposed on what was essentially the same crime, both And the Court finds, they say at one point that the term of imprisonment, the sentence imposed does not evaporate simply because of concurrent sentences. What Judge Williams had tried to do was cure the fact that it was, well, actually what the Court of Appeals had done was say it's a double jeopardy problem to have two sentences imposed on this conduct because it's the same conduct and cure it by imposing concurrent sentences. And the double jeopardy problem is its own sentence. And so the fact that they're concurrent does not eliminate the double jeopardy problem. I think that point is reiterated in just the dicta in Oregon v. Ice, which is whether Apprendi applies to Judge May determinations of whether it should be concurrent or consecutive sentences. And they point out that by definition, concurrent sentences are imposed on multiple offenses different in character or at different times. And I think it's also embedded in all of the circuits, case law, including the four circuits. And I can not, I'm sorry, I do not remember the name of the case in my head, but many times we said under the context of 924E and also under 841B enhancements, if there are multiple offenses, they, in different counts for multiple offenses, they count as separate conduct. So they actually delve into, if you have two convictions in federal court for distribution offenses, was it the conspiracy and the distribution arising from the same distribution, then they don't count as separate offenses. Or if they are, occur on two different days, then they clearly would. And so I agree with your honor. It's not real easy to just find a clear, concise definition, but I think it's embedded in all of that case law. And all of the definitions are premised on this idea that they are in fact separate, separate sentences. And if your honors have no other questions, I think, I mean, there were other issues in the brief, but we think that that is the most important or the simplest way for the court to reach the conclusion to affirm this appeal. I take it then that you think we don't have to resolve in this case, whether the statutory definition, which refers to the offender serving a term of imprisonment of more than 12 months, whether we have to, I take it you don't think we have to figure out in this case, whether that means the sentence imposed or the sentence actually served when you take account of things like good time credit, because one way or another, we're over 12 months here. Yes. While it would be very nice to have that result in, in alliance with the way the Eighth Circuit ruled, I think it is a complicated question and it is not squarely presented by these facts because there is no contest as to the other elements or how much time was actually served. I'm happy to discuss that issue if, if the court wishes to do so. Thank you very much. And Mr. Cormier, I think you do have time on rebuttal. Thank you, Your Honor. We have spent a lot of time today talking about sentences, consecutive sentences, sentences imposed. We presume that the sentence imposed on Mr. Skaggs is a term of imprisonment that the Congress meant when they drafted this statute, but they are distinct terms. Congress didn't refer to the sentence imposed. Congress didn't say anything about the initial sentence. It was important for Congress when they said term of imprisonment, not sentence. They didn't refer to, I can't argue with the, to the extent that the concurrent, our implicit understanding of concurrent sentences is what it is. But that's not the language that Congress used. They didn't say sentence imposed. They didn't say anything about the sentence. They said the term of imprisonment. That has to mean something. If the Congress does not use what, as counsel has said, is a firmly embedded understanding of what concurrent sentences are and what sentences imposed are. Three distinct terms of art here, Congress only used one, served a term of imprisonment. For purposes of an enhancement, Congress has directed us to look back and say, what was the term of imprisonment that this defendant served for the predicate drug crime? And I'm not sure that we can categorically say that based on that, based on the term, the consecutive, six consecutive set concurrent sentences that he received, we can say that categorically he served more than 12 months. Now it is counterintuitive, I agree, to say that a term of imprisonment. I realize if the text says otherwise, the text says what it says, but I'm just, you're trying to hypothesize what Congress was trying to do. So in your view, if he had just been convicted of count six and only been sentenced for count six, there is no doubt that he would qualify. But your view is that because he was convicted of counts one through five, that means that count six doesn't qualify. Why would Congress possibly do that? I'm not, Congress used the word that served a term of imprisonment, not sentence. That's all I'm saying. We are jumping the gun. I know, but do you agree with me that if your client had only been convicted of the drug offense and been sentenced or served 26 months or whatever is more than 12, that he unquestionably would qualify under the statute? Unquestionably, if that was all he was convicted of. Okay, so why in the world would Congress have possibly done the thing that you suggest that they did here? Use the term of imprisonment. No, no, no, not why they use the term they use. Why would they have possibly contemplated the result that a person is better off when he adds five more criminal convictions than when he just had the sixth? Why would Congress possibly want to treat that person better? Because we don't know. The issue is that Congress is concerned with the seriousness of the drug felony. It doesn't say drug felony. It says serious drug felony. And if we can specifically identify a drug felony where the defendant served more than 12 months, that is a sufficiently serious drug felony for purposes of enhancing this sentence under this statutory scheme. If a defendant served, if we're going to use hypotheticals, if the defendant had five drug distribution sentences and got 10 months on each of them and they were ran consecutively, he would serve 50 months in prison, not accounting for good time, but none of those convictions would count as serious drug felonies. Is that what Congress intended? A drug dealer that has five different convictions to not have a serious drug felony and to not be enhanced? When someone like Mr. Skaggs has one bundled with some pretty serious property crimes and gets a generic suspended sentence covering all of them, he's going to get the enhancement. I don't think that's the result that Congress intended when it talked about a serious drug felony. And we can't say that in this case that Mr. Skaggs' drug felony was sufficiently serious when bundled with these other very serious property crimes. And we can't say that he categorically served that sentence was categorically a result of his drug distribution and not really the result of his breaking and entering, his grand larceny, and his petty thefts that were all bundled in there, and the two conspiracies, which would not be predicates. So that's why I think it's important that we look at the language that Congress used. Term of imprisonment certainly has these counterintuitive results. What if someone gets that 10-month sentence on one count? They get five years with four years, two months suspended. Then they subsequently have their sentences revoked, and they serve another six months. So then they do 16 months after a revocation. Would that be considered a more than 12-month sentence because he served 16 after a revocation? Or is the revocation distinct? We don't know. We don't know with this, but we do know that we can't say for sure. We don't have in this case the case where the prior conviction was singular or clearly resulting in a term of imprisonment, actually serving a term of more than 12 months. And I thank you very much for the opportunity to argue. Thank you very much, and thanks to both of you for your help today. And Mr. Cormier, I see that you are court-appointed, and we especially thank you. We really count on lawyers like you to take these cases and help us decide them, so thank you very much. We will take a brief recess now and then return for our second case today. The Honorable Court will take a brief recess.
judges: Pamela A. Harris, Allison J. Rushing, Toby J. Heytens